[No. 4491.  Decided March 21, 1903.]

LEWIS COUNTY, *Respondent,* v. JAS. K. SCHOBEY *et al.,*
*Appellants.*

EMINENT DOMAIN — APPROPRIATION OF LAND FOR DRAINAGE PURPOSES
— SUFFICIENCY OF PETITION.

A petition for condemnation of lands for ditch purposes, under
Laws 1895, p. 142, is not demurrable for want of an averment
that an offer to purchase was made prior to the beginning of suit,
since the statute is in the alternative, and authorizes the county
commissioners to either purchase or condemn.

SAME.

The petition in a proceeding instituted by county commis-
sioners for the condemnation of land necessary for the construc-
tion of a ditch need not set forth in exhaustive detail all the
steps taken by the commissioners, but is sufficient if it notifies
defendants in plain and specific language of the issues to be
tried.

SAME — DAMAGES — TO WHOM ASSESSABLE.

A judgment awarding damages for the appropriation of land
for ditch purposes against the ditch district, which might be an
irresponsible party, instead of against the county in whose name
the action was instituted, would work no injury to the person
whose property was damaged, where the judgment provided
that the proceedings should stand abated unless the damages
were paid within a specified time.

SAME — COSTS.

Where proceedings for the appropriation of land for ditch
purposes are instituted in the name of a county, but in real-
ity for the benefit of a ditch district, which is the real party
in interest, the district and not the county would be liable for
the costs.

Appeal from Superior Court, Lewis County.—Hon.
H. W. B. HEWEN, Judge *pro tem.*  Affirmed.

*W. W. Langhorne,* for appellants.

*David Stewart,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is a condemnation proceeding, instituted by the commissioners of Lewis county against the land of appellants under the provisions of the act of March 19, 1895 (Laws 1895, p. 142). Judgment of condemnation was awarded against a strip of appellant's land, and judgment of damages in favor of appellants for $60 and costs against the Lincoln Creek ditch fund.

Motion is interposed by the respondent to dismiss the appeal, but, inasmuch as it appears by stipulation found in the record that several other like cases are pending, which are to be determined by the decision of this court on the case under consideration, and since the conclusion reached on the merits renders a decision of the motion to dismiss unnecessary, we have thought it best to pass the motion without discussion or decision, and decide the case on its merits. For this reason we will briefly discuss the error alleged in overruling the demurrer to the petition, although it is doubtful if that question could properly be presented on this appeal by virtue of the notice of appeal, which notifies the respondent that the appeal is taken only from so much of the judgment as adjudges that the damages and costs shall be taxed against the Lincoln Creek district. But, considering the point properly raised, we think the petition was sufficient, and that no error was committed in overruling the demurrer to the same. The petition is the ordinary petition in such cases, and we do not think that it is within the contemplation of the statute that the petition should set forth in exhaustive detail all the steps taken by the commissioners. The proceeding is not intended to be a technical or difficult one. The defendants are notified in plain and specific language of the issues to be tried, and this is sufficient to meet not only the re-

quirements of the act, but the spirit of the general provisions of the Code in relation to pleadings. Neither is it necessary that there should be an averment that an offer to purchase was made prior to the beginning of the suit. The statute is in the alternative, and authorized the commissioners to either purchase or condemn.

The alleged error upon which the notice of appeal is given is the action of the court in adjudging that the damages and costs shall be taxed against the Lincoln Creek district. This assignment of error is not exactly in accordance with the judgment, which taxes the costs and damages to the Lincoln Creek district fund. It is earnestly contended by the appellants that the Lincoln Creek district or the Lincoln Creek district fund may or may not be responsible, but, so far as the damages for the taking of appellants' property are concerned, appellants cannot be injured in any way, nor are any of their constitutional rights invaded or imperiled by this judgment. It is specifically provided in the judgment that, unless the damages awarded are paid within a specified time, the proceedings shall stand abated, and that, until the compensation is fully paid and satisfied, no entry or occupancy of said lands, or any part thereof, shall be taken or had on the part of the plaintiff. It is true that, so far as the costs are concerned, a hardship might be imposed upon the defendants if the ditch district should happen from any reason to disband without any available fund out of which the costs could be collected, but this is liable to occur to any litigant with an irresponsible antagonist. Inasmuch as the county seems by the law to be made simply the agent of the district for the purpose of determining the value of the land sought to be condemned for the benefit of the district, and is not the real party in interest, the controversy actu-

ally being waged between the district and the defendants, the county is not responsible for the costs, and no error was committed by the court in refusing to so adjudge.

Affirmed.

FULLERTON, C. J., and HADLEY, MOUNT and ANDERS, JJ., concur.